UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JEFFREY P. ZINN,                     :

    Plaintiff,                       :
                                                CIVIL ACTION NO.

v.                                   :
                                                1:05-CV-01747-MHS

GMAC MORTGAGE, et al.,               :

    Defendants.                      :

### ORDER

This matter is before the Court on the Magistrate Judge's Report and Recommendation ("R&R"). For the reasons set forth below, the Court adopts in part and rejects in part the R&R and dismisses plaintiff's claims with prejudice.

Background

Plaintiff, proceeding pro se, filed this action against GMAC Mortgage Corporation and First Mortgage Loan Servicing (collectively "GMAC" defendants), First National Bank of Arizona ("FNBA"), and unidentified defendants John and Jane Does. His claims arose out of a mortgage loan

transaction that closed in 2004.[1] Plaintiff made claims under the Truth in Lending Act, 15 U.S.C. § 1601 et seq., ("TILA") and its implementing Regulation Z, 12 C.F.R. § 226.1 (2004), and under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq. Plaintiff also brought several state law claims against defendants discussed more fully below.

The R&R notes that plaintiff filed a response which the Clerk's Office filed as a motion for summary judgment and response to defendants' motion to dismiss [#6]. He also filed another response which the Clerk's Office entered as a response and motion to dismiss and or, for summary judgment [#12]. However, these filings are not motions for summary judgment or motions to dismiss because they both make the same assertions as in the complaint, and they do not show how the undisputed material facts demand entry of judgment in plaintiff's favor. Instead, the R&R treats both of plaintiff's documents [#6, #12] as responses to defendants' motions to dismiss because they respond to defendants' motions. None of the parties objects to the R&R treating plaintiff's documents as responses to defendants' motions to dismiss. Accordingly, this Court will treat plaintiff's documents, [#6, #12] as responses to defendants' motions to dismiss.

---

[1] See the R&R for a further discussion of the facts.

The GMAC defendants and FNBA moved for dismissal for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). The R&R recommends that defendants' motions to dismiss be granted in part and that plaintiff's federal claims be dismissed with prejudice. The R&R then provides that should the Court accept this recommendation, the R&R further recommends that the Court decline to exercise supplemental jurisdiction over plaintiff's pro se remaining state law claims and dismiss these claims without prejudice. Plaintiff and the GMAC defendants filed objections to the R&R.

Discussion

When a party raises objections to a R&R, the Court must make a de novo determination as to any part of the disposition to which the party objects. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). The Court may modify, reject, or accept, in whole or in part, the R&R. Id.

Plaintiff argues in his objections that his case meets all of the criteria for material violations under TILA. The R&R concluded that plaintiff's claims under TILA were barred by TILA's one-year statute of limitations because plaintiff's closing occurred on either September 18, 2003, or February

3

18, 2004,[2] and he filed his complaint on July 1, 2005. Plaintiff now makes clear for the record in his objections that the closing occurred on February 18, 2004. Using the date of February 18, 2004, plaintiff still filed his complaint after the one-year time limit.

Plaintiff then acknowledges in his objections that 15 U.S.C. § 1640 imposes a one-year statute of limitations but that the statute asserts that the time stopped when plaintiff sent letters via certified mail describing these violations. The Court finds nothing in 15 U.S.C. § 1640 that would have tolled the time for plaintiff based on his sending letters. Although TILA's one-year statute of limitations may be subject to equitable tolling, plaintiff fails to allege any facts to support such a defense. See Ellis v. Gen. Motors Accept. Corp., 160 F.3d 703, 706-08 (11th Cir. 1998). The Court overrules plaintiff's objection.

As for plaintiff's objection to the R&R's note 5 on page 6, the R&R concluded that plaintiff's request for injunctive relief was moot because he filed his complaint on July 1, 2005, and stated that the foreclosure on his property was scheduled for July 5, 2005. Accordingly, the R&R concluded

---

[2] The date was unclear to the Magistrate Judge based on plaintiff's complaint.

4

AO 72A
(Rev.8/82)

that there was nothing in the record to indicate that plaintiff sought an injunction from the Court while there was still time to maintain the status quo.

Plaintiff argues that the foreclosure issue is not moot. The Court overrules plaintiff's objection. First, plaintiff stated in his response to defendants' motion [#12] that Mortgage Electronic Regulations Services, Inc. ("MERS") foreclosed on the note on July 5, 2005. This would render an injunction moot. Second, plaintiff states in his objection that he received a complaint filed against him on January 3, 2006, in the State Court of Gwinnett County which states that he owns a residence in Suwanee. This complaint and the allegations therein are insufficient to show that the foreclosure scheduled for July 5, 2005, did not occur, or that plaintiff sought an injunction from the Court while there was time to maintain the status quo.

After a de novo review of the record, the Court concludes that plaintiff's remaining objections lack merit and that the portions of the R&R to which plaintiff objects are correct.

AO 72A
(Rev.8/82)

Turning to the objections filed by GMAC, GMAC objects to the R&R's conclusion that the Court should decline to exercise supplemental jurisdiction over plaintiff's remaining state law claims and dismiss those claims without prejudice. GMAC argues that the Court has original jurisdiction of plaintiff's state law claims based on diversity. Even if the Court does not have diversity jurisdiction, GMAC argues that the Court should exercise supplemental jurisdiction and in the interest of judicial economy, convenience, and fairness to the parties, the Court should dismiss these claims with prejudice.

The Court concludes that it has diversity jurisdiction over this case. Diversity of citizenship exists between the parties and the amount in controversy requirement of $75,000 is met. Accordingly, the Court rejects the part of the R&R which recommends declining to exercise supplemental jurisdiction and dismissing without prejudice plaintiff's state law claims. The Court has original jurisdiction of plaintiff's state law claims and will therefore rule on defendants' motion to dismiss as it pertains to these claims.

The GMAC defendants and FNBA moved for dismissal for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). The only concern of the Court at this stage is whether, construing the complaint in the light most

favorable to plaintiff, Hargrave v. McKinney, 413 F.2d 320 (5th Cir. 1969), plaintiff will be able to prove a set of facts in support of his claims which would entitle him to relief. Milburn v. United States, 734 F.2d 762, 765 (11th Cir. 1984). The complaint need not, and indeed should not, plead evidence. In Re Beef Antitrust Litigation, 600 F.2d 1148 (5th Cir. 1979), cert. denied, 449 U.S. 905 (1980). "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

In addition, the Court may consider documents which are central to the plaintiff's claims and which plaintiff refers to in the complaint as part of the pleadings for a Rule 12(b)(6) motion to dismiss. When a defendant attaches such documents to a motion to dismiss, the Court is not required to convert such a motion into a motion for summary judgment. Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1369 (11th Cir. 1997).

Plaintiff has brought the following state law claims against defendants: breach of contract (Count One), wrongful foreclosure (Count Two), fraud (Count Five), and a claim for "UDAP" (Count Six).[3]

As for plaintiff's claim of fraud, plaintiff alleges that on or about January 26, 2005, he discovered that defendants charged him a yield spread premium ("YSP")[4] and that defendants failed to disclose to him that a YSP would raise the interest rate. However, plaintiff signed a HUD-1 Settlement Statement that disclosed the YSP in the amount of $1,845.75, and he alleges in his complaint that he was informed at closing that the YSP was paid by the lender. See Defs.' Motion to Dismiss, Sullivan Decl. Ex. D (line 182) and Compl. ¶ 12x. Plaintiff further argues that the information about the YSP was in a small font on the settlement statement. Plaintiff is responsible for reading what he signs. Int'l Indem. Co. v. Smith, 178 Ga. App. 4 (1986).

---

[3] This claim as stated by plaintiff is unclear to the Court and discussed more fully below.

[4] "A yield spread premium is a bonus paid by a lender to a mortgage broker when the broker originates a loan at an interest rate higher than the lender's approved minimum rate. The lender then rewards the broker by paying it a percentage of the difference between the lender's approved rate and the actual interest rate set by the broker, multiplied by the amount of the loan." Stump v. WMC Mortg. Corp., No. Civ. A. 02-326, 2005 WL 645238, at *3 (E.D. Pa. Mar. 16, 2005) (citations omitted).

Plaintiff has also failed to plead his fraud claim in accordance with Fed. R. Civ. P. 9(b). Accordingly, the Court dismisses this claim.

Plaintiff did not respond to defendants' motion to dismiss as it pertains to his breach of contract, wrongful foreclosure, and "UDAP" claims. Failure to respond indicates that there is no opposition to the motions to dismiss these claims. L.R. 7.1B, ND Ga.

In addition, plaintiff appears to make a breach of contract claim on the basis that defendants have failed to properly account for his loan payments. Yet, plaintiff sets forth no facts to support this claim. The Court dismisses plaintiff's breach of contract claim.

Plaintiff also argues in his complaint that the foreclosure is wrongful. First, plaintiff fails to specify any facts which support his claim. Second, plaintiff argues in his responses that the foreclosure was illegal because MERS did not hold the note and therefore MERS could not foreclose. Instead, plaintiff argues that "First National" is the note holder and could foreclose. However, plaintiff did not sue MERS. Therefore, the Court has no

jurisdiction over MERS and any allegedly wrongful foreclosure it may have committed. The Court dismisses plaintiff's wrongful foreclosure claim.

As for plaintiff's claim for "UDAP," plaintiff states the following in his complaint: "The defendants' violations of UDAP unfair and deceptive acts and practices include misrepresenting the quality, characteristics, benefits and rights of the services involved in the transaction." Compl. ¶ 17. This Court agrees with the R&R and deems plaintiff's claim as one under the Georgia Fair Business Practices Act, O.C.G.A. § 10-1-390 et seq. ("GFBPA") due to plaintiff's assertion that defendants committed unfair and deceptive acts and practices.

Plaintiff complains about the lenders' misrepresentations involved in the closing. First, plaintiff does not identify what the alleged misrepresentations were or how he has been damaged by them. Second, the GFBPA does not apply to plaintiff's transactions because the GFBPA does not apply to residential mortgage transactions. See Chancellor v. Gateway Lincoln-Mercury, Inc., 233 Ga. App. 38, 45 (1998) (the "Georgia Assembly intended that the [GFBPA] have a restricted application only to the unregulated consumer marketplace and that [the GFBPA] not apply in

regulated areas of activity"); Brogdon v. Nat'l Healthcare Corp., 103 F. Supp. 2d 1322, 1336 (N.D. Ga. 2000) (the GFBPA does not apply in extensively regulated areas of the marketplace such as finance charges and required disclosures by lenders).

Finally, the GFBPA also does not apply to plaintiff's transactions because the alleged violation did not affect the consuming public generally. Lynas v. Williams, 216 Ga. App. 434, 436 (1995) (the GFBPA does not encompass suits based upon allegedly deceptive or unfair acts or practices which occur in an essentially private transaction); see also Chancellor, 233 Ga. App. at 44. Plaintiff has asserted no facts which show that any other member of the consuming public was harmed by the defendants' alleged practices and acts. Therefore, because the alleged damage only impacted plaintiff, plaintiff may not proceed for relief under the GFBPA. See Lynas, 216 Ga. App. at 436. Accordingly, the Court dismisses plaintiff's claim for "UDAP" which the Court construes as a claim under GFBPA.

Conclusion

For the foregoing reasons, the Court ADOPTS IN PART AND REJECTS IN PART the Magistrate Judge's R&R [#19]; GRANTS defendants'

motion to dismiss [#3, #4]; and DISMISSES WITH PREJUDICE plaintiff's federal and state law claims.

IT IS SO ORDERED, this 21 day of February, 2006.

Marvin H. Shoob, Senior Judge
United States District Court
Northern District of Georgia

AO 72A
(Rev.8/82)