UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JEFFREY P. ZINN,                :

    Plaintiff,                :

                                                   CIVIL ACTION NO.

v.                              :

                                                   1:05-CV-01747-MHS

GMAC MORTGAGE, et al.,          :

    Defendants.               :

### ORDER

Presently before the Court is plaintiff's motion for reconsideration of the Court's Order adopting in part and rejecting in part the Magistrate Judge's Report and Recommendation ("R&R"), granting defendants' motion to dismiss, and dismissing with prejudice plaintiff's federal and state law claims. For the reasons set forth below, the Court denies plaintiff's motion for reconsideration.

### Background

Plaintiff, proceeding pro se, filed this action against GMAC Mortgage Corporation and First Mortgage Loan Servicing (collectively "GMAC" defendants), First National Bank of Arizona ("FNBA"), and unidentified defendants John and Jane Does. His claims arose out of a mortgage loan

AO 72A
(Rev.8/82)

transaction that closed in 2004. Plaintiff made claims under the Truth in Lending Act, 15 U.S.C. § 1601 et seq., ("TILA") and its implementing Regulation Z, 12 C.F.R. § 226.1 (2004), and under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq. Plaintiff also brought several state law claims against defendants.

Defendants filed a motion to dismiss, and the R&R recommended granting defendants' motion to dismiss and declining to exercise supplemental jurisdiction over plaintiff's state law claims. After a de novo review, the Court adopted the portion of the R&R pertaining to defendants' motion to dismiss and rejected the portion of the R&R regarding plaintiff's state law claims. Instead, the Court found that it had diversity jurisdiction over plaintiff's state law claims and then dismissed these claims with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

Discussion

Plaintiff now moves for reconsideration of the Court's Order. Pursuant to Local Rule 7.2(E), "[m]otions for reconsideration shall not be filed as a matter of routine practice." LR 7.2(E), ND Ga. The decision to grant a motion for reconsideration is committed to the sound discretion of the district

court. Fla. Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dep't of Health and Rehab. Servs., 225 F.3d 1208, 1216 (11th Cir. 2000). Motions for reconsideration are to be filed only when "absolutely necessary" where there is: (1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact. Bryan v. Murphy, 246 F. Supp. 2d 1256, 1258-59 (N.D. Ga. 2003). "An error is not 'clear and obvious' if the legal issues are 'at least arguable.'" United States v. Battle, 272 F. Supp. 2d 1354, 1358 (N.D. Ga. 2003) (quoting Am. Home Assurance Co. v. Glenn Estess & Assoc., Inc., 763 F.2d 1237, 1239 (11th Cir. 1985)). Motions for reconsideration are not appropriate to present the Court with arguments already heard and dismissed, to repackage familiar arguments, or to show the Court how it "could have done it better" the first time. Pres. Endangered Areas of Cobb's History, Inc. v. United States Army Corps of Eng'rs., 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), aff'd 97 F.3d 1242 (11th Cir. 1996).

Plaintiff has not met the standard for a motion for reconsideration. In particular, plaintiff repeats the arguments he made in his earlier briefs, and the Court has already considered these arguments when ruling on defendants' motion. Accordingly, the Court denies plaintiff's motion.

Conclusion

For the foregoing reasons, the Court DENIES plaintiff's motion for reconsideration [#24].

IT IS SO ORDERED, this ___ day of April, 2006.

_____
Marvin H. Shoob, Senior Judge
United States District Court
Northern District of Georgia